UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **RORY TUCKER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 10-CV-2129 |
| v. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent, ) | |

## OPINION

On June 21, 2010, Petitioner, Rory Tucker, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1). On July 21, 2010, the Government filed its Response to Petitioner's Motion (#3). In its Response, the Government noted that Petitioner raised a number of claims of ineffective assistance of counsel, namely, that his trial counsel: (1) failed to renew a motion for severance; (2) failed to seek a psychiatric examination; (3) failed to investigate or prepare for trial, and challenge the racial composition of the jury; and (4) failed to interview or investigate government witnesses. The Government argued that Petitioner's one sentence claims were not sufficient to enable the Government to properly respond or to enable this court to conduct a "threshold evaluation" of the motion. The Government requested that this court direct Petitioner to supplement his motion with a specific affidavit in support of his claims. The Government further requested that, once Petitioner supplemented his motion, the Government be allowed to file a timely Supplemental Response.

Based upon Kafo v. United States, 467 F.3d 1070 (7th Cir. 2006), this court concluded that it was appropriate to grant the Government's request and give Petitioner the opportunity to supplement his bare bones claims by submitting a more detailed version of the claims in a

Supplemental Motion, filed under oath, or by submitting affidavits in support of his claims.

On October 20, 2010, this court entered an Order (#6) which directed Petitioner to file a supplement to his *pro se* Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) within 60 days from the date of the Order. Petitioner was directed to supplement his claims by submitting a more detailed version of the claims in a Supplemental Motion, filed under oath, or by submitting affidavits in support of his claims. This court further ordered that the Government's Supplemental response to Petitioner's Motion was due 30 days after the filing of Petitioner's supplement to his Motion. In addition, Petitioner's Motion for the Appointment of Counsel (#4) was denied by this court's Order (#6).

The 60 day period has since expired starting from this court's Order (#6), and Petitioner did not file a supplement to his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1). On January 7, 2011, this court therefore entered an Order (#7) which advised that the Government may "appropriately argue in its response that Petitioner's Motion does not include sufficient facts to allow this court to award any relief."

On February 7, 2011 the Government filed a Supplemental Response to Petitioner's Motion Under 28 U.S.C. § 2255 (#8). This court has carefully considered the arguments raised by the parties and the record in this case. Following this careful and thorough review, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is DENIED.

## **FACTS**

On May 5, 2006, in Case no. 06-20032, a grand jury in the Central District of Illinois charged eight persons, including Petitioner Rory Tucker, in a 10-count indictment with various

offenses arising from a series of armed robberies. Petitioner was charged with conspiracy to commit robberies and to carry firearms during crimes of violence in violation of 18 U.S.C. § 371 (Count 1); one count of armed bank robbery in violation of 18 U.S.C. § 2113 (a) and (d) (Count 8); and one count of carrying and using a firearm in connection with the armed robbery charged in Count 8 in violation of 18 U.S.C. § 924(c) (Count 9). The charges and facts of the case are set forth in more detail in the court of appeals opinion on direct appeal in United States v. Williams, 553 F.3d 1073 (7th Cir. 2009).

Following a 10-day trial, the jury found Petitioner and his co-defendants guilty on all counts in which they were charged. On March 12, 2007, this court sentenced Petitioner to 221 months imprisonment. This term consisted of 60 months on Count 1, 137 months on Count 8, both to run concurrently, and 84 months on Count 9, to run consecutively to Counts 1 and 8.

On January 27, 2009, the Seventh Circuit affirmed Petitioner's conviction and sentence. United States v. Williams, 553 F.3d 1073 (7th Cir. 2009), cert. denied 129 S. Ct. 2452 (May 26, 2009). The Seventh Circuit rejected Petitioner's claims of improper joinder, improper denial of severance, and insufficiency of the evidence.

On June 21, 2010, Petitioner filed the instant motion under 28 U.S.C. § 2255, although his motion indicates it was mailed on May 17, 2010.

## ANALYSIS

A Section 2255 motion to vacate, set aside or correct a sentence may be brought by a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). However, a Section 2255 motion is "neither a

3

recapitulation of nor a substitute for a direct appeal." Daniels v. United States, 26 F.3d 706, 711 (7th Cir. 1994). Therefore, constitutional errors not raised on direct appeal may not be advanced by a Section 2255 motion unless the defendant can establish that there is cause for the failure and actual prejudice therefrom or that the district court's refusal to consider the claims would result in a fundamental miscarriage of justice. McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996). Also, "[a]n evidentiary hearing on a § 2255 motion is not mandatory." Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996); see Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1996). An evidentiary hearing may be denied if "the record conclusively demonstrates that the defendant is entitled to no relief." Prewitt, 83 F.3d at 820. "[I]t is the rule of [this circuit, however,] that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner ha[s] actual proof of the allegations going beyond mere unsupported assertions." Prewitt, 83 F.3d at 819, quoting Barry v. United States, 528 F.2d 1094, 1101 (7th Cir. 1976). "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." Prewitt, 83 F.3d at 819, quoting Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir. 1989). "A petition under [§] 2255 must set forth facts as distinguished from mere conclusion." United States v. Mathison, 256 F.2d 803, 805 (7th Cir. 1958). "A petitioner's allegation supported only by his own assertions [is] not sufficient." Mathison, 256 F.2d at 805; see also Humphrey v. United States, 896 F.2d 1066, 1070 (7th Cir. 1990) ("mere unsupported allegations do not warrant a hearing."); United States v. Lowe, 367 F.2d 44, 45–46 (7th Cir. 1966) (holding a Section 2255 petition deficient because it "does not show that [petitioner] has proof sufficient to demand inquiry . . .").

In this case, the Petitioner raises a number of claims of ineffective assistance of counsel,

4

namely, that his trial counsel: (1) failed to renew a motion for severance; (2) failed to seek a psychiatric examination; (3) failed to investigate or prepare for trial, and challenge the racial composition of the jury; and (4) failed to interview or investigate government witnesses. Petitioner has filed his Section 2255 motion under oath, however he does not provide any supporting facts or evidence in support of his claims, nor does Petitioner cite any supporting authority. His motion only consists of bare bones allegations and one-sentence arguments. It takes more than this for the Government to properly respond or for this court to conduct a "threshold evaluation" of the Petitioner's motion. Kafo v. United States, 467 F.3d 1063, 1070 (7th Cir. 2006). Based upon Kafo, this court concluded that it was appropriate to grant the Government's request and give Petitioner the opportunity to supplement his bare bones claims by submitting a more detailed version of the claims in a Supplemental Motion, filed under oath, or by submitting affidavits in support of his claims within 60 days.

The 60 days have passed and the Petitioner has not responded, thus the court can only rely on the conclusory assertions made in his Section 2255 motion and the arguments of the Government. The unsupported assertions contained in the Section 2255 motion do not include sufficient facts or evidence for the Government to properly respond nor to allow this court to award any relief.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made this showing.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is DENIED.

(2) A certificate of appealability is DENIED.

(3) This case is terminated.

ENTERED this  10th   day of June, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE